LEWIS BRISBOIS BISGAARD & SMITH LLP
Julian J. Pardini, SB# 133878
Timothy S. Kirk, SB# 161598
One Sansome Street
Suite 1400
San Francisco, California 94104
Telephone: (415) 362-2580
Facsimile: (415) 434-0882
pardini@lbbslaw.com

Attorneys for Defendant
AMCO INSURANCE COMPANY

FILED
07 DEC 14 PM 2: 47
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SCOTT ALLEN and CORINNE LOPEZ ALLEN,

    Plaintiffs,

v.

AMCO INSURANCE COMPANY and DOES 1-50, inclusive,

    Defendants.

CV 07   6355   PVT

CASE NO.

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §1441(b) (DIVERSITY) AND JURY DEMAND

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE THAT Defendant AMCO Insurance Company ("AMCO"), by and through its undersigned attorney of record, hereby removes to this Court the state court action described below.

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction of this action under 28 U.S.C. §1332, and is one which may be removed to this Court by AMCO pursuant to the provisions of 28 U.S.C. §1441(b), in that it is a civil action between citizens or subjects of a foreign state and a citizen of a different state, and the amount in controversy as alleged in the complaint exceeds the sum of $75,000, exclusive of interest and costs.

///

2. Venue is proper in the Northern District of California pursuant to 28 U.S.C. §§ 1391(b) and (c), because Plaintiff is subject to personal jurisdiction in this judicial district and a substantial part of the events giving rise to this lawsuit occurred in this division of the Northern District of California.

## GROUNDS FOR REMOVAL

3. On January 24, 2007, Plaintiffs SCOTT ALLEN and CORINNE LOPEZ-ALLEN ("Plaintiffs"), by and through their attorneys of the Law Offices of Scott J. Allen, commenced a civil action in the Superior Court of the State of California for the County of Monterey against AMCO, entitled *Scott Allen and Corinne Lopez-Allen v. AMCO Insurance Company and Does 1-50, inclusive*, Monterey County Superior Court Case No. M87621. A true and correct copy of the complaint is attached as Exhibit A.

4. On or about November 20, 2007, Orville Hormann, Claims Legal Counsel for AMCO, learned that Plaintiff's Complaint was served on AMCO on November 16, 2007. Thus, the time limit for removal set forth in 28 U.S.C. §1446(b) has been satisfied.

5. The basis for removal is that Plaintiff are citizens and residents of the State of California while AMCO is a corporation organized and existing under the laws of the State of Iowa in the United States of America, with its principal place of business in Des Moines, Iowa. This Court therefore has original jurisdiction of this action under 28 U.S.C. §1332 because AMCO is a citizen or subject of a foreign state and Plaintiff is a citizen of the State of California.

6. Plaintiff's Complaint alleges that they are entitled to recover a jury verdict in an undetermined amount, but includes prayers for general damages, special damages, exemplary damages, attorney fees, prejudgment interest, and costs. It is well established that exemplary or punitive damages are part of the amount in controversy in a civil action. *See, e.g., Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). Thus, AMCO believes in good faith that the amount in controversy substantially exceeds $75,000, as required for removal pursuant to 49 U.S.C. §11706.

///
///

## DEMAND FOR JURY TRIAL

7.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant AMCO hereby demands a trial by jury.

WHEREFORE, Defendant AMCO prays that this action be removed to this Court.

Dated: December 14, 2007

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
Julian J. Pardini
Attorneys for Defendant
AMCO INSURANCE COMPANY

11/16/07 @ 3:10p.

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AMCO INSURANCE COMPANY,
c/o CT Corporation, registered agent for service of process on AMCO Insurance Company

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Scott Allen and Corinne Lopez-Allen

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED**
NOV 14 2007
CONNIE MAZZEI
CLERK OF THE SUPERIOR COURT
C. WILLIAMS DEPUTY

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of Monterey County
1200 Aguajito Road
Monterey, CA 93940

CASE NUMBER:
*(Número del Caso):* **M 87621**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Scott J. Allen (SBN 178925)
P.O. Box 2210, Salinas, CA 93902 (831) 754-2501; fax: (831) 754-0621

DATE: NOV 14 2007     CONNIE MAZZEI
*(Fecha)*                Clerk, by  C. WILLIAMS , Deputy
                         *(Secretario)*              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* AMCO Insurance Company

under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

```
Scott J. Allen (State Bar #178925)
242 Capitol Street
Post Office Box 2210
Salinas, California 93902
Telephone: (831) 754-2501
Facsimile:  (831) 754-0621
```

FILED

NOV 14 2007

CONNIE MAZZEI
CLERK OF THE SUPERIOR COURT
C. WILLIAMS, DEPUTY

Attorney for Plaintiffs

SUPERIOR COURT OF CALIFORNIA

COUNTY OF MONTEREY

(UNLIMITED JURISDICTION)

SCOTT ALLEN and CORINNE LOPEZ-ALLEN,

        Plaintiff,

v.

AMCO INSURANCE COMPANY and DOES 1-50, inclusive,

        Defendants.

Case No. **M87621**

**COMPLAINT FOR DAMAGES**

Plaintiffs, Scott Allen and Corinne Lopez-Allen (collectively "Plaintiffs"), hereby allege as follows:

    1. Plaintiffs are the owners of a home with a street address of 329 Stuart Avenue, Pacific Grove, California, 93950 (hereinafter the "Home").

    2. Defendant, AMCO Insurance Company (AMCO), according to the records maintained by the California Secretary of State, is a corporation formed under the laws of the State of Iowa.

    3. Defendants DOES 1 through 50, inclusive, are sued herein by fictitious names pursuant to C.C.P. §474. Plaintiff does not at this time know the true names, capacities nor specific activities of said defendants. Plaintiff alleges that each of said defendants is or may be legally responsible for the injuries and damages to plaintiffs alleged below and plaintiffs therefore pray that the name of said defendants may be inserted herein when said name, capacity and/or activity is ascertained.

4.     At all times herein mentioned, each Defendant was an agent, principal, servant, franchisee, joint venturer, partner, employee and/or co-conspirator and/or parent or child of the other defendants herein mentioned; and at all of said times each of said defendants was acting within the course and scope of said agency, service, franchise, joint venture, partnership, employment and conspiracy.

## FIRST CAUSE OF ACTION

### Breach of Contract

5. Plaintiffs hereby incorporate by reference each of the other allegations in this Complaint as though fully set forth in this First Cause of Action.

6. On an annual basis since approximately December of 1996 to the present, AMCO and Defendants 1-50 (collectively "AMCO") have issued and/or renewed one or more homeowners insurance policies (the "Policy") to the Plaintiffs covering the Home. Plaintiffs consistently paid the policy premiums for said Policy and performed all other conditions to maintain the Policy in force during that time.

7. The Policy was in full force and effect in mid to late 2002. The Policy in force at that time covered loss to the Home resulting from accidental discharge or overflow of water from plumbing and/or household appliances.

8. At that time in 2002, an accidental discharge or overflow of a substantial amount of water from the clothes washing machine occurred in the Home. When the Plaintiffs discovered the water on the floor near the washing machine, they immediately cleaned up the discharged/overflowed water that was visible on the floor. Unbeknownst to the Plaintiffs, however, the discharged/overflowed water had flowed into the wooden sub-floor beneath the kitchen of the Home and there caused significant damage to the sub-floor. At the time of the discharge/overflow, Plaintiffs had no reason to suspect that the water had flowed to the sub-floor or had or would cause damage to the sub-floor. Said damage to the sub-floor was hidden from, and unknown to, the Plaintiffs until approximately September of 2006, when a pest inspector who was inspecting the sub-floor of the Home for evidence of termites advised the Plaintiffs of the damage to the sub-floor. The Plaintiffs could not reasonably have discovered the damage to the sub-floor before that date.

9. Promptly after learning about the damage to the sub-floor, the Plaintiffs submitted a claim for the damage to AMCO.

10. AMCO denied the Plaintiffs' claim and has failed and refused to provide the Plaintiffs with compensation for the damage in accordance with the Policy.

11. AMCO notified the Plaintiffs of its denial of the Plaintiffs' claim in a letter dated November 22, 2006.

12. AMCO's denial of the Plaintiff's claim constitutes a breach of the contract between the Plaintiffs and AMCO (that is, a breach of the Policy).

13. As a direct and legal result of AMCO's breach of the Policy, the Plaintiffs have suffered damages in the form of the reasonable cost to repair the damage to the sub-floor, which amount will be proven at trial, and which amount Plaintiffs reasonably believe exceeds $25,000.

## SECOND CAUSE OF ACTION

### Breach of Covenant of Good Faith and Fair Dealing

14. Plaintiffs hereby incorporate by reference each of the other allegations in this Complaint as though fully set forth in this Second Cause of Action.

15. The Policy, a contract between the Plaintiffs and AMCO, contained an implied covenant of good faith and fair dealing.

16. AMCO breached the implied covenant of good faith and fair dealing by, among other things, failing to conduct a fair and impartial investigation of the Plaintiffs' claim of loss and by manipulating the results of the investigation in order to support AMCO's contention that the damage to the sub-floor of the Home was not covered by the Policy.

17. The Plaintiffs' damages alleged herein are a direct and legal result of AMCO's breach of the covenant of good faith and fair dealing.

18. AMCO's violation of the covenant of good faith and fair dealing as described herein was intentional and deliberate and was done with the intent of depriving the Plaintiffs of their rights under the Policy. More particularly, AMCO's failure to conduct a fair and impartial investigation and manipulation and misrepresentation of the results of the investigation was intentional and deliberate and intentionally calculated to deprive the Plaintiff's of their rights. AMCO's actions constitute malice, oppression and/or fraud and entitle the Plaintiffs to an award of punitive damages.

WHEREFORE, Plaintiffs respectfully request that the Court order the following relief:

1. Order AMCO to pay the Plaintiffs' special and general damages in an amount to be proven at trial;

2. Order AMCO to pay the Plaintiffs' costs of suit;

3. Order AMCO to pay punitive damages in an amount calculated to punish AMCO;

4. Order such other and further relief as the Court deems just and proper.

Dated: 14 NOVEMBER, 2007

by: _____
Scott J. Allen
Attorney for Plaintiff

C:\Documents and Settings\associatenorth\Desktop\Allied Complaint on Pld.wpd